IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDOLPH SIMMONS, on behalf of himself and others similarly situated,<br>Plaintiff,<br>v.<br>LMS INTELLIBOUND, INC.,<br>Defendant. | CIVIL ACTION<br><br>NO. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT – COLLECTIVE/CLASS ACTION

Plaintiff Randolph Simmons ("Plaintiff") brings this lawsuit against Defendant LMS Intellibound, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and the Pennsylvania doctrine of unjust enrichment. Plaintiff asserts his FLSA claim as a collective action claim under 29 U.S.C. § 216(b), and he asserts his PMWA and unjust enrichment claims as class action claims under Federal Rule of Civil Procedure 23.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over Plaintiff's FLSA claim under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. The Court has supplemental jurisdiction over Plaintiff's PMWA and unjust enrichment claims under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is an individual residing in Wernersville, PA (Berks County).

5. Defendant is a corporation doing business in this judicial district and headquartered at 5525 The Corners Parkway, Suite 520, Norcross, GA 30092.

6. Defendant employs individuals who are engaged in interstate commerce and/or in the production of goods for commerce, and, furthermore, Defendant is a business enterprise engaged in interstate commerce and/or in the production of goods for commerce.

7. Defendant has an annual gross volume of sales made or business done in excess of $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

8. Defendant is an employer covered by the FLSA and the PMWA.

## FACTS

9. Defendant, according to its website, is "a national leader of 3rd party warehouse services" and "provides a full range of logistics services with a core specialty in unloading services for distribution centers."

10. Defendant provides unloading services at an Associated Wholesalers, Inc. warehouse located in Robesonia, PA (Berks County) (the "Robesonia Warehouse").

11. At the Robesonia Warehouse, Defendant employs individuals in the position of "Unloader" or "Lumper." These individuals, who shall be referred to collectively as "Unloaders," are primarily responsible for unloading inventory from tractor trailers.

12. Plaintiff is employed by Defendant as an Unloader at the Robesonia Warehouse.[1]

---

[1] Plaintiff has been on a worker's compensation leave of absence since approximately May 2012.

13. Plaintiff and other Unloaders are classified as non-exempt from the FLSA/PMWA overtime compensation mandates.

14. Plaintiff and other Unloaders are paid pursuant to Defendant's "Production Associate Pay Structure." Under this pay structure, Plaintiff and other Unloaders generally are paid on a job-rate basis depending on the amount of revenue attributable to each tractor trailer to which the Unloader is assigned. These job-rate payments are adjusted upwards to ensure that Unloaders receive the minimum wage. *See generally* Attached "Production Associate Pay Structure Acknowledgment" Form.

15. Plaintiff and other Unloaders frequently work over 40 hours per workweek. For example, Plaintiff (in the absence of discovery and based entirely on his recollection) currently estimates that he worked approximately 44-52 hours during a typical workweek.

16. Defendant maintains a common practice of failing to credit Plaintiff and other Unloaders for all of their work hours. In fact, Plaintiff is shortchanged hours almost every week. Moreover, other Unloaders regularly complain that they do not get credit for all their work hours.

17. Upon information and belief, the extent to which Plaintiff and other Unloaders have been shortchanged hours can be determined (or, at least, estimated) by analyzing common company evidence, including, *inter alia*, a comparison between (i) the total hours for which Unloaders are paid according to Defendant's payroll system and (ii) contemporaneous data reflecting the times at which Unloaders enter and exit the Robesonia Warehouse facility at the beginning and end of their shifts.

18. As a result of Defendant's common practice of failing to credit Plaintiff and other Unloaders for all of their work hours, Plaintiff and other Unloaders have been denied straight-time and overtime premium pay for many compensable work hours.

19. In failing to credit Plaintiff and other Unloaders for all of their work hours, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA and PMWA provisions.

## COLLECTIVE AND CLASS ALLEGATIONS

20. Plaintiff brings this action on behalf of himself and all Unloaders and/or Loaders employed by Defendant at the Robesonia Warehouse during any workweek since July 9, 2008. These individuals are referred to herein as "class members."

21. Upon information and belief, the class includes over 50 individuals, all of whom are readily ascertainable based on Defendant's standard timekeeping and payroll records and are so numerous that joinder of all class members is impracticable.

22. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

23. Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

24. Questions of law and fact are common to all class members, since this action concerns the legality of Defendant's objectively ascertainable practice of failing to credit and pay class members for all of their work hours. The existence of this practice will be demonstrated through, *inter alia*, analysis of Defendant's standard timekeeping

and payroll data, and the legality of this practice will be determined through the analysis of generally applicable legal principles.

25. Class certification of Plaintiff's PMWA and unjust enrichment claims is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

26. Class certification of Plaintiff's FLSA claim is appropriate because Plaintiff and other class members, having worked pursuant to Defendant's common business practices, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## COUNT I
### (Alleging Violations of the FLSA)

27. All previous paragraphs are incorporated as though fully set forth herein.

28. Plaintiff and other class members are covered employees entitled to the FLSA's protections, and Defendant is a covered employer required to comply with the FLSA's mandates.

29. The FLSA requires that employees be paid for all hours worked and receive overtime premium compensation calculated at 150% of the employee's regular pay rate.

30. Defendant violated the FLSA by failing to pay Plaintiff and other class members any compensation, including overtime premium compensation, for time spent working in excess of 40 hours during the workweek.

31. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### (Alleging Violations of the PMWA)

32. All previous paragraphs are incorporated as though fully set forth herein.

33. Plaintiff and the PMWA Class are covered employees entitled to the PMWA's protections, and Defendant is a covered employer required to comply with the PMWA's mandates.

34. The PMWA requires that employees requires that covered employees be paid for all hours worked and receive overtime premium compensation calculated at 150% of the employee's regular pay rate.

35. Defendant violated the PMWA by failing to pay Plaintiff and other class members any compensation, including overtime premium compensation, for time spent working in excess of 40 hours during the workweek.

## COUNT III
### Unjust Enrichment

36. All previous paragraphs are incorporated as though fully set forth herein.

37. Throughout the relevant period, Plaintiff and other class members were required to work without receiving any credit or compensation for such work hours.

38. Under Pennsylvania law, an employer's failure to pay employees for all of their work can serve as the basis for an unjust enrichment claim. *See, e.g., Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875 (Pa. Super. 2011); *Lugo v. Farmer's Pride, Inc.*, 967 A.2d 963 (Pa. Super. 2009).

39. Defendant received a direct and substantial benefit from the uncompensated work performed by Plaintiff and other class members under

circumstances that do not support Defendant's retention of the unpaid wages.

40. Permitting Defendant to retain the unpaid wages is inequitable because: Defendant is not legally entitled to such amounts; the retained amounts represent a substantial windfall to Defendant; the retained amounts are more than *de minimis*; and Defendant has been able to retain the funds at issue only because of its control over the wages paid to Plaintiff and other class members.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief on behalf of himself and all other class members:

A. Compensatory and back pay damages to the fullest extent permitted under federal and state law;

B. Liquidated damages and prejudgment interest to the fullest extent permitted under federal and state law;

C. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under federal and state law; and

D. Such other and further relief as this Court deems just and proper.

Date: July 9, 2012

Respectfully submitted,

*/s/ Peter Winebrake*
Peter Winebrake, Esq.
R. Andrew Santillo, Esq.
Mark J. Gottesfeld, Esq.
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491