IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDOLPH SIMMONS, on behalf of himself and others similarly situated,<br>　　　　　　　　　　Plaintiff,<br>　　　v.<br>LMS INTELLIBOUND, INC.,<br>　　　　　　　　　　Defendant. | :<br>:<br>:<br>:  5:12-CV-03908-JKG<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION
FOR POSTPONEMENT OF THE TIME TO MOVE FOR
<u>CLASS CERTIFICATION UNDER LOCAL CIVIL RULE 23.1(c)</u>**

Plaintiff respectfully submits this brief in support of his motion to postpone the class certification motion deadline beyond the 90-day period set forth in Local Civil Rule 23.1(c). As discussed herein, the Court should postpone the class certification deadline until a future date to be established in the Court's initial scheduling order.

On July 11, 2012, Plaintiff Randolph Simmons ("Plaintiff) commenced this collective/class action lawsuit by filing a complaint. <u>See</u> Doc. 1. Plaintiff asserts Rule 23 class action claims under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and the Pennsylvania common law doctrine of unjust enrichment. <u>See id.</u> He also asserts a collective action claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* <u>See</u> <u>id.</u>

This action is in the early stages. A waiver of service packet was mailed to William Harper, Defendant LMS Intellibound, Inc.'s ("Defendant") CFO, on July 20, 2012. <u>See</u> Doc. 5. Defendant has until August 20, 2012 to waive personal service of the summons and complaint. <u>See id.</u> Counsel for Defendant has not yet entered their

appearance. As such, Defendant has not answered, discovery has not commenced, and the initial case management conference has not been scheduled.

Meanwhile, Local Civil Rule 23.1(c) requires a plaintiff to move for class certification within 90 days of filing his/her complaint "unless this period is extended on motion of good cause appearing."

Because modern class action practice generally requires the plaintiff to obtain "pre-certification" discovery, see, e.g., Weiss v. Regal Collections, 385 F. 3d 337, 347 n. 17 (3d Cir. 2004), appropriate class certification deadlines generally are discussed at the initial case management conference, at which time "the judge and counsel can address issues bearing on certification and can establish a schedule for the work necessary to permit an informed ruling on the class certification motion," Manual for Complex Litigation, Fourth at § 21.133. Indeed, Judge Rubrino has characterized the "normal path" as beginning with the court "setting a deadline for Plaintiff to file a motion for class certification." Korman v. The Walking Co., 2007 U.S. Dist. LEXIS 63732, *19 (E.D. Pa. Aug. 29, 2007).

Because the strict application of Local Civil Rule 23.1(c) often would require plaintiffs to file premature class certification motions without the benefit of any discovery, district courts regularly extend the 90-day deadline or excuse a plaintiffs' non-compliance with the deadline. See, e.g., Korman, 2007 U.S. Dist. LEXIS 63732, at *19-20; Robinson v. Holiday Universal, Inc., 2006 U.S. Dist. LEXIS 65082, *33-36 (E.D. Pa. Sept. 12, 2006); Karnuth v. Rodale, Inc., 2003 U.S. Dist. LEXIS 12095, *12 (E.D. Pa. July 7, 2003); McHenry v. Bell Atlantic Corp., 1998 U.S. Dist. LEXIS 12733, *21-23 (E.D. Pa. Aug. 19, 1998) (citing additional cases). Other district courts with similar 90-day rules take a similar approach. See, e.g., Reilly v. Gould, Inc., 965 F. Supp. 588, 594

n.2 (M.D. Pa. 1997) (entertaining class certification motion filed 148 days after complaint filed and observing that "[w]hile this clearly is a violation of [90-day deadline described in Middle District of Pennsylvania's Local Rule 23.3], we do not view such violation as being fatal to the proposed class").

Here, Local Rule 23.1(c)'s class certification deadline should be extended until a date to be established in the Court's initial scheduling order. As already discussed, the litigation is in the very early stages, and counsel for Defendant has not yet even entered their appearance. Under such circumstances, the requested extension is warranted.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the instant motion and enter the accompanying proposed order.

Date: July 24, 2012                     Respectfully submitted,

/s/ Mark J. Gottesfeld
Peter Winebrake, Esq.
R. Andrew Santillo, Esq.
Mark J. Gottesfeld, Esq.
WINEBRAKE & SANTILLO, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
(215) 884-2491
mgottesfeld@winebrakelaw.com
